JONATHAN V. GOULD (DC Bar No. 477569)
Senior Deputy Comptroller and Chief Counsel
BAO NGUYEN (NC Bar No. 39946)
Principal Deputy Chief Counsel
GREGORY F. TAYLOR (DC Bar No. 4170976)
Director of Litigation
PETER C. KOCH (IL Bar No. 6225347)
Assistant Director of Litigation
GABRIEL A. HINDIN (NY Bar No. 495785)
Counsel
MICHAEL K. MORELLI (MA Bar No. 696214)
Attorney
JUAN PABLO PEREZ-SANGIMINO (DC Bar No. 1617262)
Attorney
MARSHA STELSON EDNEY (DC Bar No. 414271)
Counsel

Office of the Comptroller of the Currency
400 7th Street, SW
Washington, D.C. 20219
Telephone: (202) 649-6300
Facsimile: (202) 649-5709
Juan.PerezSangimino@occ.treas.gov

*Attorneys for the Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>THE OFFICE OF THE COMPTROLLER OF THE CURRENCY, and BRIAN P. BROOKS, in his official capacity as Acting Comptroller of the Currency,<br><br>     Defendants. | Case No. 4:20-cv-05200-JSW<br><br>**OCC DEFENDANTS' RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES 4:20-cv-05200-JSW and 3:20-cv-05860-CRB SHOULD BE RELATED** |

1  Plaintiff, the People of the State of California ("California"), has filed an administrative motion to consider whether the Court should relate *People of the State of California, et al. v. Federal Deposit Insurance Corporation*, (*"California v. FDIC"*), Case No. 3:20-cv-05860-CRB, an action brought against the FDIC, to this case, an action against the Office of the Comptroller of the Currency ("OCC" or "Agency") and Brian P. Brooks, acting in his official capacity as Acting Comptroller of the Currency (collectively, "OCC Defendants"). *See* Civil L.R. 3-12(a). The OCC Defendants take no position on California's motion, but file this response to advise the Court of several substantive factual and legal differences between the two actions.

*First*, the two actions involve different defendants that each hold primary regulatory responsibility over different types of financial institutions.[1] The OCC is an independent bureau of the U.S. Department of the Treasury that supervises national banks under the National Bank of 1864, codified at 12 U.S.C. § 1 *et seq.*, as amended, and federal savings associations under the Home Owners' Loan Act of 1933, codified at 12 U.S.C. § 1461 *et seq.*, as amended. Absent several exceptions not relevant here, Congress vested the Comptroller of the Currency with authority "to prescribe rules and regulations" governing these entities' business operations. *See* 12 U.S.C. § 93a. Meanwhile, the FDIC acts as the primary federal regulator for certain state-chartered banks and insured branches of foreign banks. 12 U.S.C. §§ 1817(a), 1819, 1820(b). In that capacity, the FDIC prescribes standards to promote these institutions' safety and soundness, doing so by "regulation or guideline." *Id.* § 1831p-1(d)(1).

Reflecting the agencies' distinct jurisdictions, the rulemaking challenged in this action applies solely to loans issued by national banks and federal savings associations. *See* Permissible Interest on Loans That Are Sold, Assigned, or Otherwise Transferred, 85 Fed. Reg. 33,530 (June 2, 2020) (to be codified at 12 C.F.R. pts. 7, 160) ("OCC Final Rule"). In contrast, the rulemaking challenged in *California v. FDIC* applies solely to loans issued by state-chartered banks and insured branches of foreign banks subject to the FDIC's supervision. *See* Federal Interest Rate Authority, 85 Fed. Reg. 44,146 (July

---

[1] The actions also involve different plaintiffs. Plaintiffs in *California v. FDIC* consist of eight Attorneys General from California, Illinois, Massachusetts, Minnesota, New Jersey, New York, North Carolina, and the District of Columbia. Plaintiffs in the instant action consist of Attorneys General from California, Illinois, and New York.

2
OCC DEFENDANTS' RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 4:20-cv-05200

8, 2020) (to be codified at 12 C.F.R. pt. 331) ("FDIC Final Rule").

*Second*, the two actions involve challenges to rulemakings issued pursuant to two separate statutes. Plaintiffs in this action challenge the OCC's interpretation of the National Bank Act; specifically, 12 U.S.C. § 85, which, in tandem with 12 U.S.C. § 86, establishes a comprehensive statutory scheme governing the interest permitted on national bank loans. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11 (2003). Plaintiffs in *California v. FDIC* challenge the FDIC's statutory authority under the Federal Deposit Insurance Act to issue a separate regulation governing the interest terms of loans issued by state-chartered banks and insured branches of foreign banks. *See* 12 U.S.C. § 1831d.

*Third*, the two actions involve two distinct rulemakings based on two separate administrative records. To address legal developments[2] calling into question whether a national bank loan's interest term remains permissible once transferred to a third party, the OCC issued a final rule, effective on August 3, 2020, reaffirming that "interest on a loan that is permissible under sections 85 and 1463(g)(1) . . . shall not be affected by the sale, assignment, or other transfer of the loan." OCC Final Rule, 85 Fed. Reg. at 33,534-35. Shortly thereafter, the FDIC issued its own final rule, effective on August 21, 2020, "intend[ing] to address uncertainty regarding the applicability of State law interest rate restrictions to State banks and other market participants." FDIC Final Rule, 85 Fed. Reg. at 44,155. To that end, the FDIC, pursuant to § 27(a) of the Federal Deposit Insurance Act, amended its regulations to "clarif[y] that the determination of whether interest on a loan is permissible . . . is made at the time the loan is made." *Id.*

Although each rulemaking addresses similar underlying legal and market uncertainty—and although the OCC and FDIC both acknowledge that courts have read § 85 of the National Bank Act *in pari materia* with § 27(a) of the Federal Deposit Insurance Act, *see* OCC Final Rule, 85 Fed. Reg. at 33,533 n.49; FDIC Final Rule, 85 Fed. Reg. at 44,147—each agency undertook its own independent evaluation of their respective statutory authority to issue the challenged regulations. The OCC and the

---

[2] *See Madden v. Midland Funding, LLC*, 786 F.3d 246 (2d Cir. 2015).

FDIC issued separate Notices of Proposed Rulemaking and Final Rules, and each agency compiled and relied on separate administrative records in promulgating the challenged final rules. Plaintiffs in both actions challenge the OCC's and FDIC's respective compilation and review of these records under the Administrative Procedure Act. But these factual differences necessarily mean that procedural challenges brought against one agency's rulemaking will not inform—or even apply to—procedural challenges brought against the other. And the analyses and rationales included in the agencies' separate final rules are distinct and must be reviewed independently.

Accordingly, the OCC Defendants take no position on California's motion, but file this response to advise the Court of several important factual and legal differences between the two actions.

Dated: September 4, 2020              Respectfully submitted,

/s/ *Juan Pablo Perez-Sangimino*
JONATHAN V. GOULD (DC Bar No. 477569)
Senior Deputy Comptroller and Chief Counsel
BAO NGUYEN (NC Bar No. 39946)
Principal Deputy Chief Counsel
GREGORY F. TAYLOR (DC Bar No. 4170976)
Director of Litigation
PETER C. KOCH (IL Bar No. 6225347)
Assistant Director of Litigation
GABRIEL A. HINDIN (NY Bar No. 495785)
Counsel
MICHAEL K. MORELLI (MA Bar No. 696214)
Attorney
JUAN PABLO PEREZ-SANGIMINO (DC Bar No. 1617262)
Attorney
MARSHA STELSON EDNEY (DC Bar No. 414271)
Counsel

Attorneys for the Defendants