1  JONATHAN V. GOULD (DC Bar No. 477569)
   Senior Deputy Comptroller and Chief Counsel
2  BAO NGUYEN (NC Bar No. 39946)
   Principal Deputy Chief Counsel
3  GREGORY F. TAYLOR (DC Bar No. 4170976)
   Director of Litigation
4  PETER C. KOCH (IL Bar No. 6225347)
   Assistant Director of Litigation
5  GABRIEL A. HINDIN (NY Bar No. 495785)
   Counsel
6  MARSHA STELSON EDNEY (DC Bar No. 414271)
   Counsel
7  MICHAEL K. MORELLI (MA Bar No. 696214)
   Attorney
8  JUAN PABLO PEREZ-SANGIMINO (DC Bar No. 1617262)
   Attorney
9
   Office of the Comptroller of the Currency
10 400 7th Street, SW
   Washington, D.C. 20219
11 Telephone: (202) 649-6300
   Facsimile: (202) 649-5709
12 gabriel.hindin@occ.treas.gov
13
   *Attorneys for the Defendants*
14

15                    UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                         OAKLAND DIVISION

18

19  PEOPLE OF THE STATE OF CALIFORNIA,  )   Case No. 4:20-cv-05200-JSW
    et al.,                             )
                                        )   **ANSWER**
20          Plaintiffs,                 )
                                        )
21      v.                              )
                                        )
22  THE OFFICE OF THE COMPTROLLER OF    )
    THE CURRENCY, and BRIAN P. BROOKS,  )
23  in his official capacity as Acting Comptroller of )
    the Currency,                       )
24                                      )
                                        )
25          Defendants.                 )
                                        )
26  _____ )

27          Defendants, the Office of the Comptroller of the Currency and Brian P. Brooks hereby answer

28

Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"), ECF No. 1, as follows. Plaintiffs' inclusion of footnotes throughout the Complaint does not comply with Federal Rule of Civil Procedure 10(b), requiring that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  As such, no response is required to these footnotes.  To the extent a response is required, each footnote is discussed in the relevant numbered paragraph below.

**INTRODUCTION**

1.      Sentence 1 of this paragraph is Plaintiffs' characterization of this action, and not an allegation of fact for which a response is required. To the extent a response is required, the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2 of this paragraph.  To the extent a response is required, the allegations are denied.  The allegations in Sentence 3 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with those statutory provisions.  The allegations in Sentence 4 are Plaintiffs' characterization of Permissible Interest on Loans That Are Sold, Assigned, or Otherwise Transferred, 85 Fed. Reg. 33,530 (June 2, 2020) (to be codified at 12 C.F.R. pts. 7, 160) ("OCC Final Rule"), and not allegations of fact for which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with the OCC Final Rule.  The allegations in Sentence 5 and Sentence 6 of this paragraph are denied.

2.      Sentence 1 of this paragraph, including its footnote, is denied, except to admit that many states, including California, New York and Illinois, have laws regulating maximum interest rates on loans.  Sentences 2, 3 and 4 (including the footnote) are characterizations of the rationale for such laws and conclusions from various studies, not allegations of fact for which a response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in these Sentences and further, respectfully refer the Court to the cited studies for a full and accurate statement of their contents.  To the extent a further response is required, the allegations  in these Sentences are denied.

3.      The allegations in this paragraph, including its footnotes, are Plaintiffs' characterizations

2

of State laws and their purposes and not allegations of fact for which a response is required. Defendants respectfully refer the Court to the cited statutes for a full and accurate statement of their contents. To the extent a response is required, Defendants deny any characterization inconsistent with the cited statutes.

4.      The allegations in this paragraph, including its footnote, are Plaintiffs' characterizations of 12 U.S.C. §§ 85 and 1463(g), and not allegations of fact for which a response is required. Defendants respectfully refer the Court to the cited statutes for a full and accurate statement of their contents. To the extent a response is required, Defendants deny any characterizations inconsistent with those statutes.

5.      This paragraph is denied, except to admit that the OCC Final Rule was issued June 2, 2020 and became effective August 3, 2020 and further, that the citation in the footnote to the Final Rule is accurate. Defendants further deny Plaintiffs' characterizations of the OCC Final Rule and respectfully refer the Court to the OCC Final Rule for a full and accurate statement of its contents.

6.      Sentence 1 of this paragraph, including its footnote, is admitted. Sentences 2-5 contain Plaintiffs' characterizations of the OCC Final Rule and not allegations of fact for which a response is required. Defendants respectfully refer the Court to the OCC Final Rule for a full and accurate statement of its contents. To the extent a response is required, the allegations are denied.

7.      This paragraph contains Plaintiffs' characterizations of the Final Rule and not allegations of fact for which a response is required. Defendants respectfully refer the Court to the Final Rule and referenced statutes for a full and accurate statement of their contents. To the extent a response is required, the allegations are denied.

8.      The allegation in Sentence 1 is denied. Sentences 2-4 contain Plaintiffs' characterization of the requirements of the statute referenced in the footnotes and not allegations of fact for which a response is required. To the extent a response is required, the allegations are denied.

9.      The allegations in this paragraph are denied.

10.     The allegations in this paragraph are denied.

3

ANSWER
Case No. 4:20-cv-05200

11.     The allegations in this paragraph, including its footnote, are denied.

12.     The allegations in this paragraph are denied.

13.     The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

14.     The allegations in this paragraph, including its footnote, consist of conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is required, the allegations are denied.

15.     The allegations in this paragraph, including its footnote, consist of conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is required, the allegations are denied.

16.     The allegations in this paragraph consist of conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is required, the allegations are denied.

17.     The allegations in this paragraph consist of conclusions of law regarding venue, to which no response is required.  To the extent a response is required, the allegations are denied.

## INTRADISTRICT ASSIGNMENT

18.     The allegations in this paragraph consist of conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is required, the allegations are denied.

## PARTIES

19.     Admit.

20.     Admit.

21.     Admit.

22.     Admit.

23.     Admit.

4

# ALLEGATIONS

I.  **NATIONAL BANKS, FEDERAL SAVINGS ASSOCIATIONS, AND STATE-LAW PREEMPTION**

24.     The allegations in this paragraph, including its footnote, are Plaintiffs' characterizations of 12 U.S.C. §§ 21, 24, 27, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to these statutory provisions for a full and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with these statutory provisions.

25.     The allegations in Sentences 1 and 2 of this paragraph, including its footnotes, are Plaintiffs' characterizations of the National Bank Act, 12 U.S.C. § 1 *et seq*., and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to this statute for a full and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization inconsistent with this statute.  The allegations in Sentence 3 of this paragraph, including its footnote, are Plaintiffs' characterizations of 12 U.S.C. § 85, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to this statute for a full and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with this statute.  The allegations in Sentence 4 of this paragraph are denied except to admit that the OCC regulates national banks consistent with its authority under 12 U.S.C. § 1 *et seq*.

26.     The allegations in this paragraph are Plaintiffs' characterizations of 12 U.S.C. § 85, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to this statute for a full and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with this statute.

27.     The allegations in this paragraph, including its footnote, are Plaintiffs' characterizations of 12 U.S.C. § 85, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to this statute for a full and accurate statement of its contents.  To the extent a response is

required, Defendants deny any characterization inconsistent with this statute.

28.    The allegations in this paragraph, including its footnote, are Plaintiffs' characterizations of 12 U.S.C. § 85, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to this statute for a full and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with this statute.

29.    The allegations in Sentence 1 and Sentence 3 of this paragraph, including its footnote, are Plaintiffs' characterization of 12 U.S.C. § 81 and the opinion of the Supreme Court in *Marquette Nat. Bank of Minneapolis v. First of Omaha Serv. Corp*., 439 U.S. 299 (1978), and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to this statute and the cited opinion for a full and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the statute and the Supreme Court decision. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2 of this paragraph.  To the extent a response is required, the allegations are denied.

30.    Sentence 1 is denied, except to admit that Citibank, N.A., and Wells Fargo Bank, N.A. are located in South Dakota, and that the referenced statutes in the footnote indicate that South Dakota does not impose caps on interest rates a bank may charge.  The allegations in Sentence 2 are Plaintiffs' characterization of 12 U.S.C. § 85, and not allegations of fact for which a response is required. Defendants respectfully refer the Court to this statute for a full and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization inconsistent with that statute.

31.    The allegations in this paragraph, including its footnotes, are Plaintiffs' characterization of 12 U.S.C. § 1463(g)(1), and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to this statute for a full and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with that statutory provision.

32.    The allegations in Sentence 1 and Sentence 2 of this paragraph, including the footnotes,

6

are Plaintiffs' characterization of 12 U.S.C. § 1463(g)(1), and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to this statute for a full and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the statute.  The allegations in Sentence 3 of this paragraph, including its footnote, are Plaintiffs' characterizations of an OCC publication, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the cited OCC publication for a full and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization inconsistent with that OCC publication.

33.    The allegations  in this paragraph, including its footnotes, contain Plaintiffs' characterizations of  the Second Circuit's opinion in *Madden v. Midland Funding, LLC*, 786 F.3d 246 (2d Cir. 2015) and of 12 U.S.C. §§ 85 and 1463,, and not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited opinion and statutes for a full and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the cited opinion and statutes.

## II.     THE OCC'S NON-BANK INTEREST RULE

### A.  The OCC's Rulemaking

34.    Admit, except to deny that the proposed rule is called the Non-bank Interest Rule.

35.    Defendants admit the allegations in Sentences 1 and 2.  The allegations in Sentence 3 of this paragraph are Plaintiffs' characterization of the OCC Final Rule and the FDIC Final Rule, and not allegations of fact for which a response is required. Defendants respectfully refer the Court to these rules for a full and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with these rules.

36.    This paragraph is admitted, except to deny that the final rule is called the Non-bank Interest Rule.

7

ANSWER
Case No. 4:20-cv-05200

37.     The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

38.     The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

39.     The allegations in this paragraph, including its footnotes, are Plaintiffs' characterization of the OCC Final Rule and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the OCC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the Final Rule.

40.     The allegations in this paragraph, including its footnotes, are Plaintiffs' characterization of the OCC Final Rule and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the OCC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the Final Rule.

41.     The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations in this are denied.

42.     The allegations in this paragraph are Plaintiffs' characterization of the 12 U.S.C. §85 and the OCC Final Rule and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the statute and OCC Final Rule for a full and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the statute or Final Rule.

43.     The allegations in this paragraph are Plaintiffs' characterization of the 12 U.S.C. §1463(g)(1) and the OCC Final Rule and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the statute and OCC Final Rule for a full and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the statute or Final Rule..

ANSWER
Case No. 4:20-cv-05200

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B. *Madden v. Midland Funding, LLC*

44.    The allegations in this paragraph, including its footnote, are Plaintiffs' characterization of the OCC Final Rule and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the OCC Final Rule for a full and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the Final Rule.

45.    The allegations in this paragraph, including its footnote, are Plaintiffs' characterization of *Madden v. Midland Funding, LLC*, 786 F.3d 246 (2d Cir. 2015) ("*Madden*"), and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to the cited decision for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with that decision.

46.    The allegations in this paragraph, including its footnote, are Plaintiffs' characterization of *Madden*, and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to the cited decision for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with that decision.

47.    The allegations in this paragraph, including its footnotes, are Plaintiffs' characterization of *Madden*, and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to the cited decision for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with that decision.

48.    The allegation in this paragraph, including its footnote, is Plaintiffs' characterization of *Madden*, and not an allegation of fact for which a response is required.  Defendants respectfully refer this Court to the cited decision for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with that decision.

49.    The allegations Sentence 1 of this paragraph are admitted.  The allegation in Sentence 2 of this paragraph are denied.

ANSWER
Case No. 4:20-cv-05200

50.     The allegations in Sentence 1 of this paragraph are denied.  The allegations in Sentence 2 of this paragraph, including its footnotes, are Plaintiffs' characterizations of a Petition for a Writ of Certiorari and an Amici Curiae brief, and not allegations of fact for which a response is required. Defendants respectfully refer this Court to the cited Writ of Certiorari and Amici Curiae brief for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterizations inconsistent with the referenced documents.

51.     The allegation in this paragraph is denied.

52.     The allegations in Sentence 1 of this paragraph are Plaintiffs' characterization of *Madden*, and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to the cited decision for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with that decision.  The allegations in Sentence 2 of this paragraph, including its footnote, consist of Plaintiffs' characterization of a *Washington Post* article, and not allegations of fact for which a response is required.  To the extent a response is required, the allegations are denied.

53.     The allegations in this paragraph, including its footnotes, are Plaintiffs' characterization of written testimony from former Comptroller Joseph Otting before the House Financial Services Committee, and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to the cited written testimony for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with that written testimony.

54.     The allegations in this paragraph, including its footnote, are Plaintiffs' characterization of the FDIC's Final Rule, and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to the FDIC's Final Rule for a true and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization inconsistent with the FDIC's Final Rule.

### C.  The Rule Adopts a "Doctrine" That Is Invalid

55.     The allegations in Sentence 1 of this paragraph are Plaintiffs' characterization of the OCC's Final Rule, and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to the OCC's Final Rule for a true and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization inconsistent with the OCC's Final Rule.  The allegations in Sentence 2 of this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

56.     The allegations in this paragraph are denied, except to admit that *Madden* conflicts with the "valid-when-made" principles.

57.     The allegations in this paragraph are Plaintiffs' characterization of the OCC's Final Rule, and not allegations of fact for which an answer is required.  Defendants respectfully refer this Court to the OCC's Final Rule for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with that Rule.

58.     The allegations in this paragraph are denied.

59.     The allegation in Sentence 1 of this paragraph is denied.  Defendants admit that the quotation in Sentence 2 is an accurate quote but deny that it supports the allegation in Sentence 1.

60.     The allegations in Sentences 1, 2 and 6 of this paragraph are denied.  The allegations in Sentences 3, 4 and 5 of this paragraph, including the footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

61.     The allegations in Sentence 1 of this paragraph, including its footnote, are Plaintiffs' characterization of the OCC's Final Rule, and not allegations of fact for which an answer is required. Defendants respectfully refer this Court to the OCC's Final Rule for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with that Rule. The allegations in Sentence 2 and 3 of this paragraph consist of conclusions of law to which

ANSWER
Case No. 4:20-cv-05200

no response is required.  To the extent a response is required, the allegations are denied.   The

allegations contained in Sentence 4 of this paragraph, including its footnote, are denied, except to admit

that the OCC has discussed the principles of "valid-when-made" in previous legal briefs.

62.     The allegations in this paragraph, including its footnotes, consist of Plaintiffs'

characterizations of the referenced *amicus curiae* brief and not allegations of fact to which a response is

required.  To the extent a response is required, the allegations are denied, except to admit that the quoted

language in this paragraph is accurately quoted.

63.     The allegations in this paragraph consist of conclusions of law to which no response is

required.  To the extent a response is required, the allegations are denied.

64.     The allegations in this paragraph, including its footnotes, consist of conclusions of law

and Plaintiffs' characterization of two Supreme Court cases, for which no response is required.

Defendants respectfully refer the Court to the cited opinions for a full and accurate statement of their

contents.  To the extent a response is required, Defendants deny any characterizations inconsistent with

these opinions and deny all other allegations in the paragraph.

65.     The allegations in this paragraph consist of conclusions of law to which no response is

required.  To the extent a response is required, the allegations are denied.

66.     Sentence 1 of this paragraph is not an allegation of fact to which a response is required.

To the extent a response is required, the allegation in Sentence 1 is denied.  Sentences 2 through 5 of this

paragraph consist of a hypothetical and conclusions of law to which no response is required.  To the

extent a response is required, the allegations are denied.  The allegations in Sentences 6 through 8 of this

paragraph consist of Plaintiffs' characterization of two Supreme Court cases, and not allegations of fact

for which a response is required.  Defendants respectfully refer the Court to the cited opinions for a full

and accurate statement of their contents.  To the extent a response is required, Defendants deny any

characterization in Sentences 6 through 8 inconsistent with these opinions.

12

67.     The allegations in this paragraph are Plaintiffs' characterization of two Supreme Court cases, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the cited opinions for a full and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization in this paragraph inconsistent with these opinions.

68.     The allegations in this paragraph, including its footnote, consist of conclusions of law and Plaintiffs' characterization of a Supreme Court case, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the cited opinion for a full and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with this opinion and deny all other allegations in this paragraph.

### D.  The OCC's Rule Gives the Financial Industry What It Failed To Wrest from the Courts or Congress

69.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including its footnote.  To the extent a response is required, the allegations are denied.

70.     The allegations in Sentences 1 and 2 of the paragraph, including the footnote, consist of Plaintiffs' characterizations of legal positions taken by various trade groups, and not allegations of fact for which a response is required.  To the extent a response is required, the allegations are denied. Defendants deny the allegations in Sentences 3 and 4 of this paragraph, except to admit that Defendants filed an Amicus Brief in *Rent-Rite Super Kegs West Ltd. v. World Business Lenders*, LLC, No. 19-cv-01552 (D. Colo. Sept. 10, 2019).  The allegations in Sentence 5 of the paragraph, including its footnote, are denied, except to admit that the Second Circuit declined to reconsider *Madden* and the Supreme Court denied *certiorari*.  Defendants respectfully refer the Court to the cited opinions for a full and accurate statement of their contents. Defendants deny any characterization inconsistent with these decisions.

13

ANSWER
Case No. 4:20-cv-05200

71.    The allegations in Sentence 1 of this paragraph are denied, except to admit that Congress did not enact the Protecting Consumers' Access to Credit Act of 2017.  The remaining allegations of this paragraph, including its footnote, consist of Plaintiffs' characterization of the Protecting Consumers' Access to Credit Act of 2017 and the OCC's Final Rule, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the cited proposed legislation and OCC's Final Rule for a full and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the proposed legislation and OCC's Final Rule.

72.    Defendants deny this paragraph, except to admit that Congress did not enact the Protecting Consumers' Access to Credit Act of 2017.

73.    The allegations in this paragraph, including its footnote, contain Plaintiffs' characterization of congressional actions and the cited statute, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the statute.

74.    This allegations in this paragraph are Plaintiffs' characterization of actions taken by the financial services industry and the OCC, and not allegations of fact to which a response is required.  To the extent a response is required, the allegations are denied.

## III.    THE STATES HAVE STANDING TO CHALLENGE THE OCC'S RULE

75.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

### A.  The OCC's Rule Harms the States' Sovereign Interests

76.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

77.     The allegations in this paragraph, including its footnotes, consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

78.     The allegations in Sentences 1 and 3 of this paragraph consist of Plaintiffs' characterization of the OCC's Final Rule and not allegations of fact for which a response is required. Defendants respectfully refer the Court to the OCC's Final Rule for a true and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization inconsistent with the OCC's Final Rule. The allegations in Sentence 2 of this paragraph consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

79.     The allegations in Sentence 1 of this paragraph consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Sentences 2 and 3 of this paragraph consist of Plaintiffs' characterization of "'rent-a-bank schemes'" and not allegations of fact to which a response is required. To the extent a response is required, the allegations are denied.

80.     The allegations in Sentence 1 of this paragraph, including its footnote, are denied. The allegations in Sentence 2 of this paragraph consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

81.     The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterization of 12 U.S.C. §§ 25b, 85, and 1463(g)(1), and not allegations of fact for which a response is required. Defendants respectfully refer the Court to these statutory provisions for a full and accurate statement of their contents. To the extent a response is required, Defendants deny any characterization inconsistent with those statutory provisions.

**1. California's Rate Caps and Anti-Evasion Laws**

82.     The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterization of the California Financing Law ("CFL"), the California Deferred Deposit Transaction

15

Law ("CDDTL"), the California Unfair Competition Law ("CUCL"), and California's unconscionability jurisprudence, and not allegations of fact for which a response is required. Defendants respectfully refer the Court to these authorities for a true and accurate statement of their contents. To the extent a response is required, Defendants deny any characterization inconsistent with those statutes.

83.     The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterization of the CFL and not allegations of fact for which a response is required. To the extent a response is required, Defendants deny any characterization inconsistent with statute.

84.     The allegations in this paragraph, including its footnotes, consist of consist Plaintiffs' characterization of the CFL and not allegations of fact for  which a response is required. To the extent a response is required, Defendants deny any characterization inconsistent with the statute.

85.     The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterization of the CFL and a 2018 CFL-Annual Report, and not allegations of fact for which a response is required. Defendants respectfully refer the Court to the CFL and Annual Report for a true and accurate statement of their contents. To the extent a response is required, Defendants deny any characterization inconsistent with the statute or annual report.

86.     The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of CFL, and not allegations of fact for which a response is required. Defendants respectfully refer the Court to the CFL for a true and accurate statement of its contents. To the extent a response is required, Defendants admit that the CFL places limits on the interest rates charged on certain loans described in that statute, consistent with federal law.

87.     The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterizations of the CFL and legislative history, and not allegations of fact for which a response is required. Defendants respectfully refer the Court to the CFL for a true and accurate statement of its

16

ANSWER
Case No. 4:20-cv-05200

contents.  To the extent a response is required, Defendants deny any characterization inconsistent with that statute or its legislative history.

88.     The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterizations of the CDDTL, and not allegations of fact for which a response is required. Defendants respectfully refer the Court to the CDDTL for a true and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization inconsistent with the CDDTL.

89.     The allegations in Sentence 1 of this paragraph are denied. The remaining allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterization of a Comment submitted by several Senators in response to the OCC's notice of proposed rulemaking, and are not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited Comment for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the cited Comment.

90.     The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of, and a quote from, a comment letter submitted as part of the rulemaking process, and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to that document, which is part of the administrative record, for a true and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.

91.     The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of comments submitted as part of the rulemaking process and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to the referenced documents, which are part of the administrative record, for a true and accurate statement of their contents.  To the

17

extent a response is required, Defendants deny any characterization inconsistent with the referenced documents.

92.      The allegations in this paragraph constitute Plaintiffs' characterization of the effects of the OCC Final Rule and not allegations of fact to which a response is required.  To the extent a response is required, the allegations are denied.

93.      The allegations in Sentence 1 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that the State of California licenses and governs the activities of certain lenders and other financial entities operating in California. The allegations in Sentences 2 and 3 of this paragraph, including its footnote, consist of Plaintiffs' characterization of a comment submitted as part of the rulemaking process and not an allegation of fact for which a response is required.  Defendants respectfully refer this Court to the referenced document, which is part of the administrative record, for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced documents.

94.      The allegations in this paragraph are denied.

**2. Illinois' Regulations Governing Low-Dollar, High-Cost Loans**

95.      The allegations in this paragraph are admitted.

96.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 1 and 2 of this paragraph.  To the extent a response is required, the allegations are denied.  The allegations in Sentence 3 of this paragraph consist of Plaintiffs' characterization of Illinois' Payday Loan Reform Act ("PLRA"), and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the PLRA for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the PLRA's provisions.

18

97.     The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of the PLRA, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the PLRA for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the PLRA's provisions.

98.     The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterization of the PLRA, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the PLRA for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the PLRA's provisions.

99.     The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of the PLRA, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the PLRA for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the PLRA's provisions.

100.     The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of the PLRA, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the PLRA for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the PLRA's provisions.

101.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1 of this paragraph. To the extent a response is required, the allegations are denied.  The allegations in Sentences 2 and 3 of this paragraph consist of Plaintiffs' characterization of Illinois' Consumer Installment Loan Act ("CILA"), and not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the CILA for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the CILA's provisions.

ANSWER
Case No. 4:20-cv-05200

102.    The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of the CILA, and not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the CILA for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the CILA's provisions.

103.    The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of the CILA, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the CILA for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the CILA's provisions.

104.    The allegations in this paragraph consist of Plaintiffs' characterization of the PLRA and the CILA, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to these statutes for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with these statutes' provisions.

105.    The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of the CILA and the Illinois Financial Services Development Act ("FSDA"), and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to these statutes for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with these statutes' provisions.

106.    The allegations in this paragraph consist of Plaintiffs' characterization of the PLRA, CILA, and FSDA, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to these statutes for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with these statutes' provisions.

107.    The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterizations of Section 2Z of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") and the PLRA, and not allegations of fact for which a response is required.

20

Defendants respectfully refer the Court to the Consumer Fraud Act and PLRA for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterizations inconsistent with these statutes' provisions.

108.    The allegations in this paragraph, including its footnote, consists of Plaintiffs' characterization of the PLRA, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the PLRA for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the PLRA's provisions.

109.    The allegations in this paragraph constitute Plaintiffs' characterization of the effects of the OCC Final Rule and not allegations of fact to which a response is required.  To the extent a response is required, the allegations are denied.

110.    The allegations in Sentence 1 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that the State of Illinois licenses and governs the activities of certain lenders and other financial entities operating in Illinois. The allegations in Sentences 2 and 3 of this paragraph, including its footnote, consist of Plaintiffs' characterization of a comment submitted as part of the rulemaking process and not an allegation of fact for which a response is required.  Defendants respectfully refer this Court to the referenced document, which is part of the administrative record, for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.

111.    The allegations in this paragraph are denied.

**3. New York's Usury Laws**

112.    The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterization of New York General Obligation Law §§ 5-501 and 5-511, New York Banking Law §§ 14-a, 340, and 356, and New York Penal Law §§ 190.40 and 190.42, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to these statutory provisions for a

true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with these authorities.

113.    The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterization of New York Banking Law §§ 340 and 356, as well as several federal court decisions, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to these authorities for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with these authorities.

114.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  To the extent a response is required, the allegations are denied.

115.    The allegations in this paragraph consist of Plaintiffs' characterization of the New York Executive Law § 63(12), and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to that statutory provision for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with that statutory provision.

116.    The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterization of legal actions taken by the New York Attorney General, and not allegations of fact to which an answer is required.  To the extent a response is required, the allegations are denied, except to admit that Plaintiffs do reference cases that relate to usury laws and a press release relating to a $5.2 million settlement.

117.    The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of New York Financial Services Law §§ 101 *et seq.* and New York Banking Law § 14a, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to these statutory provisions for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with these statutory provisions.

ANSWER
Case No. 4:20-cv-05200

118.     The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of New York Financial Services Law §§ 101 *et seq.*, and not allegations of fact for which response is required.  Defendants respectfully refer the Court to these statutory provisions for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with these statutory provisions.

### B.  The OCC's Rule Harms the State's Quasi-Sovereign Interests

119.     The allegations in this paragraph are conclusions of law and not allegations of fact to which a response is required.  To the extent a response is required, the allegations are denied.

120.     The allegations in Sentence 1 of this paragraph are conclusions of law and not allegations of fact to which a response is required.  To the extent a response is required, the allegations are denied. The allegations in Sentences 2-4, including the footnotes, consist of Plaintiffs' characterization of various court opinions and statutory provisions, not allegations to which a response is required. Defendants respectfully refer this Court to those authorities for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with those authorities.

121.     The allegations in Sentence 1 of this paragraph consist of conclusions of law and Plaintiffs' characterization of a comment letter submitted as part of the rulemaking process, , and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to that document, which is part of the administrative record, for a true and accurate statement of its contents. Defendants also deny any characterization inconsistent with the referenced document.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2 of this paragraph.  To the extent a response is required, the allegations are denied.  The allegations in Sentence 3 of this paragraph, including its footnote, are denied.

ANSWER
Case No. 4:20-cv-05200

122.     The allegation in Sentence 1 of this paragraph consists of a conclusion of law and not an allegation of fact to which a response is required.  To the extent a response is required, the allegation is denied.  The allegations in Sentences 2-4 of this paragraph, including the footnotes, constitute Plaintiffs characterizations of law review articles and studies, and not allegations of fact to which a response is required.  To the extent a response is required, the allegations are denied.

123.     The allegation in Sentence 1 of this paragraph consists of a conclusion of law and not an allegation of fact to which a response is required.  To the extent a response is required, the allegation is denied.  The allegations in Sentence 2 of this paragraph, including its footnotes, are admitted.  The allegations in Sentence 3 are denied.

124.     The allegations in Sentences 1, 2, and 4 of this paragraph are conclusions of law and not allegations of fact to which a response is required.  To the extent a response is required, the allegations in Sentences 1, 2, and 4 are denied.  The allegations in Sentence 3 of this paragraph, including its footnote, consist of Plaintiffs' characterization of a comment letter submitted as part of the rulemaking process, and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to that document, which is part of the administrative record, for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.

125.     The allegation in Sentence 1 of this paragraph is admitted.  The allegations in Sentence 2 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations in Sentence 3 of this paragraph consist of Plaintiffs' characterization of 12 U.S.C. §§ 85 and 1463(g)(1), and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to these statutory provisions for a full and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with those statutory provisions.

126.    The allegations in Sentence 1 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations in Sentences 2 and 3 of this paragraph, including its footnote, consist of Plaintiffs' characterizations of 12 U.S.C. §§ 85, 86, and 1463(g), and not allegations to which a response is required.  Defendants respectfully refer this Court to these statutory provisions for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with those statutory provisions.  The allegations in Sentence 4 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**C.  The OCC's Rule Harms the States' Fiscal Interest**

127.    The allegations in Sentence 1 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations in Sentences 2 consist of Plaintiffs' characterization of various state laws referenced elsewhere in the Complaint, and not allegations of fact to which a response is required.  Defendants respectfully refer this Court to those state laws for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with those state laws.  The allegations in sentence 3 is denied, except to admit that the States have authority to enforce compliance with their state's lending laws with respect to institutions that fall within their jurisdiction.  The allegations in Sentence 4 consists of Plaintiffs' characterization of, and partial quotation from, a comment letter submitted as part of the rulemaking process, and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to that document, which is part of the administrative record, for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.

128.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1 of this paragraph, including its footnote.  To the extent a response is

ANSWER
Case No. 4:20-cv-05200

required, the allegations are denied.  The allegations in Sentence 2 of this paragraph consist of

conclusions of law to which no response is required.  To the extent a response is required, the allegations

are denied.

129.    The allegations in this paragraph, including its footnote, consist of conclusions of law to

which no response is required.  To the extent a response is required, the allegations in this paragraph are

denied.

**IV.    THE NON-BANK INTEREST RULE IS LEGALLY PROCEDURALLY, AND SUBSTANTIVELY UNSOUND**

**A.  The OCC's Non-bank Interest Rule Is Contrary to the Plain Language of §§ 85 and 1463(g)(1)**

130.    The allegations in this paragraph, including its footnotes, consist of Plaintiffs'

characterizations and quotations of Supreme Court and D.C. Circuit opinions, and not allegations of fact

to which a response is required.  Defendants respectfully refer this Court to these opinions for a true and

accurate statement of their contents.  To the extent a response is required, Defendants deny any

characterization inconsistent with those opinions.

131.    The allegations in this paragraph consist of Plaintiffs' characterization of 12 U.S.C. §§ 85

and 1463(g), and not allegations to which a response is required.  Defendants respectfully refer this

Court to these statutory provisions for a true and accurate statement of their contents.  To the extent a

response is required, Defendants deny any characterization inconsistent with those statutory provisions.

132.    The allegations in this paragraph consist of Plaintiffs' characterization of 12 U.S.C. §§ 85

and 1463(g), and not allegations to which a response is required.  Defendants respectfully refer this

Court to these statutory provisions for a true and accurate statement of their contents.  To the extent a

response is required, Defendants deny any characterization inconsistent with those statutory provisions.

133.    The allegations in this paragraph including its footnote are denied, except to admit that

the OCC did rely on 12 U.S.C. §§ 85 and 1463(g)(1) in issuing the Final Rule.

ANSWER
Case No. 4:20-cv-05200

134.     The allegations in this paragraph are Plaintiffs' characterization of the OCC Final Rule, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to these rules for a full and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with these rules.

135.     The allegations in Sentence 1 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that administrative agencies have authority to construe ambiguous statutes they are charged with administering.  The allegations in Sentence 2 of this paragraph are denied.

136.     The allegations in Sentences 1 and 2 of this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations in Sentence 3 of this paragraph, including its footnote, is  a quotation from a Supreme Court opinion, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the cited opinion for a full and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization in Sentence 3 inconsistent with this opinion.

137.     The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**B. The OCC's Rule Is Contrary to the Statutory Framework Governing National Banks and Federal Savings Associations**

**1. The OCC's Rule Ignores Federal Law That Shows That §§ 85 and 1463(g)(1) Apply Only to Federally Chartered Banks**

138.     The allegations in this paragraph, including its footnote, is a quotation from a Supreme Court opinion, and not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited opinion for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced opinion.

ANSWER
Case No. 4:20-cv-05200

139.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

140.    The allegations in Sentences 1-3 of this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations in Sentence 4 of this paragraph are denied.

141.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

142.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

143.    The allegations in Sentence 1 and 5 of this paragraph are denied.  The allegations in Sentences 2, 3 and 4, including the footnote, consist of conclusions of law, and not allegations of fact to which a response is required.  To the extent a response is required, the allegations are denied.

144.    The allegations this paragraph consist of conclusions of law and not allegations of fact to which a response is required.  To the extent a response is required, the allegations are denied.

145.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**2. The OCC Relies on Statutory Provisions That Provide No Support for Its Rule**

146.    The allegations in this paragraph, including its footnote, are denied.

147.    The allegations in Sentences 1 through 4 of this paragraph consist of Plaintiffs' characterization of the OCC's rationale for the Final Rule, and not allegations of fact for which a response is required.  Defendants respectfully refer the Court to the Final Rule for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the Final Rule.  The allegation in Sentence 5 of this paragraph is a conclusion of law

28

and not an allegation of fact to which a response is required.  To the extent a response is required, the allegation is denied.

148.     The allegations in this paragraph are denied.

149.     The allegations in Sentence 1 of this paragraph are denied.  The remainder of this paragraph is a quotation from a comment letter submitted as part of the rulemaking process, and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to that document, which is part of the administrative record, for a true and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.

150.     The allegations in Sentence 1 of this paragraph are denied.  The allegations in Sentences 2 and 3 of this paragraph, including its footnote, consist of Plaintiffs' characterization of state law and the Second Circuit's *Madden* decision, and not allegations of fact for which a response is required. Defendants respectfully refer this court to those authorities for a true and accurate statement of their contents.  To the extent a response is required, Defendants deny any characterization inconsistent with those authorities.

151.     The allegations in this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

152.     The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## C. The OCC's Rule Impermissibly Preempts State Law

### 1. The OCC's Rule Is a Preemption Determination

153.     The allegation in Sentence 1 of this paragraph consists of a conclusion of law to which no response is required.  To the extent a response is required, the allegation is denied.  The allegation in Sentence 2 consists of Plaintiffs' characterization of the OCC's Final Rule, and not an allegation of fact

ANSWER
Case No. 4:20-cv-05200

for which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with the OCC Final Rule.

154.     The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of the OCC's Final Rule, and not an allegation of fact for which a response is required. To the extent a response is required, Defendants deny any characterization inconsistent with the OCC Final Rule..

155.     The allegations in Sentence 1 of this paragraph, including its footnote, consists of Plaintiffs' characterization of the OCC's Final Rule, and not allegations of fact for which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with the OCC Final Rule.  The allegations in Sentence 2, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

### 2. The OCC's Rule Is Contrary to Congress's Clear and Manifest Purpose and the Presumption Against Preemption

156.     The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

157.     The allegations in Sentence 1 of this paragraph, including the footnote, are Plaintiffs' characterization of consumer-protection laws and not an allegation of fact for which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced provisions.  The allegations in Sentences 2 and 3, including the footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

158.     The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

### 3. The OCC Failed To Abide by Substantive and Procedural Requirements Governing Preemption

ANSWER
Case No. 4:20-cv-05200

159.    Sentence 1 of this paragraph is denied.  The allegations in sentence 2, including its footnote, consist of a characterization and quotations from a Senate Report from 2010, to which Defendants respectfully refer this Court for a complete and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.

160.    The allegation in this paragraph that the OCC had a role in "enabling predatory consumer-lending practices" is denied.  The remainder of this paragraph, including its footnote, consists of Plaintiffs characterization of 12 U.S.C. §§25b and 1465 and not allegations of fact to which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with those statutory provisions.

161.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

162.    The allegations in this paragraph are Plaintiffs' characterization of 12 U.S.C. §25b and not an allegation of fact for which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with those statutory provisions.

163.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

164.    The allegations in this paragraph, including its subparts and footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

165.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied, except to admit that 12 U.S.C. § 25b is not applicable to the OCC Final Rule.

166.    The allegations in this paragraph, including its footnote, consist of Plaintiffs'

31

characterization of a comment submitted as part of the rulemaking process and not an allegation of fact for which a response is required.  Defendants respectfully refer this Court to the referenced document, which is part of the administrative record, for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.

167.    The allegations in this paragraph, including its footnote, are Plaintiffs' characterization of the OCC's Final Rule, and not an allegation of fact for which a response is required. To the extent a response is required, Defendants deny any characterization inconsistent with the OCC Final Rule..

168.    The allegations in this paragraph, including its footnotes, are Plaintiffs' characterization of the OCC's Final Rule, and not an allegation of fact for which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with the OCC Final Rule and aver that 12 U.S.C. § 25b is not applicable to the OCC Final Rule.

169.    The allegations in this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied, except to aver that 12 U.S.C. § 25b is not applicable to the OCC Final Rule.

170.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied, except to aver that 12 U.S.C. § 25b is not applicable to the OCC Final Rule.

171.    The allegations in this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied, except to aver that 12 U.S.C. § 25b is not applicable to the OCC Final Rule.

172.    The allegations in this paragraph, including its footnote, are Plaintiffs' characterization of, and quotation from, a rulemaking by the FDIC, and not an allegation of fact for which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with the FDIC's rulemaking.

ANSWER
Case No. 4:20-cv-05200

173.    The allegations in this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied, except to aver that 12 U.S.C. § 25b is not applicable to the OCC Final Rule.

### D.  The OCC Lacks Authority To Issue the Rule and Overturn *Madden*

174.    The allegations in this paragraph, including its footnote, consist of Plaintiffs' characterization of 12 U.S.C. §93a and the OCC's Final Rule are not allegations of fact for which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with the statute and the OCC's Final Rule.

175.    The allegations in this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

176.    The allegations in this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

### E.  The OCC's Non-bank Interest Rule Conflicts with Its Own Longstanding Interpretation of Federal Law

177.    The allegations in this paragraph are denied.

178.    The allegation in this paragraph, including its footnote, is a quotation from a speech given by former Comptroller of the Currency John D. Hawke, Jr., to which Defendants respectfully refer this Court for a complete and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.

179.    The allegations in this paragraph, including its footnote, are characterizations of, and quotations from, a speech given by former Comptroller of the Currency John D. Hawke, Jr., to which Defendants respectfully refer this Court for a complete and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.

180.    The allegations in this paragraph, including its footnote, are characterizations of, and

ANSWER
Case No. 4:20-cv-05200

quotations from OCC Bulletin 2001-47, to which Defendants respectfully refer this Court for a complete and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.

181.    The allegation in Sentence 1 of this paragraph, including its footnote, is a quotation from OCC Bulletin 2018-14, to which Defendants respectfully refer this Court for a complete and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.  The allegations in Sentence 2 of this paragraph, including its footnote, are denied, except to admit that OCC Bulletin 2020-54 dated May 20, 2020 did rescind OCC Bulletin 2018-14.

182.    The allegations in this paragraph are denied.

183.    The allegations in Sentences 1 and 2 of this paragraph are denied.  The allegations in Sentence 3 of this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**F.    The OCC Failed To Consider the Rule's Facilitation of Predatory "Rent-a-Bank" Schemes and Other Important Aspects of the "Problem"**

**1. The OCC's Rule Ignores the Problem of "Rent-a-Bank" Schemes**

184.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

185.    The allegations in this paragraph are denied.

186.    The allegations in Sentences 1 and 2 of this paragraph are denied. The allegations in Sentence 3 of this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

187.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  To the extent a response is required, the allegations are denied.

188.    This paragraph, including subparts and footnotes, consists of Plaintiffs' characterizations

34

of, and quotes from, four different comment letters submitted as part of the rulemaking process, and not

allegations of fact for which a response is required.  Defendants respectfully refer this Court to those

documents, which are part of the administrative record, for a true and accurate statement of their

contents.  To the extent a response is required, Defendants deny any characterization inconsistent with

the referenced documents.

### 2. The Rule Fails To Address the Applicability of the True-Lender Doctrine and Ignores Evidence That It Would Give Rise to a Regulatory Vacuum in the Lending Market

189.    The allegations Sentence 1 of this paragraph are denied.  The allegations in Sentences 2

and 3 of this paragraph consist of conclusions of law to which no response is required.  To the extent a

response is deemed required, the allegations are denied.

190.    The allegation in this paragraph, including its footnote, consists of Plaintiffs'

characterization of the OCC's Final Rule and a comment submitted as part of the rulemaking, and not an

allegation of fact for which a response is required.  Defendants respectfully refer this Court to that

comment, which is part of the administrative record, for a true and accurate statement of its contents  To

the extent a response is required, Defendants deny any characterization inconsistent with the OCC Final

Rule and the referenced comment.

191.    The allegations in Sentences 1 and 2 of this paragraph, including the footnotes, consist of

Plaintiffs' characterizations of the OCC's Final Rule, and not allegations of fact for which a response is

required.  To the extent a response is deemed required, Defendants deny any characterization

inconsistent with the OCC Final Rule.  The allegations in Sentence 3 of this paragraph consist of

conclusions of law to which no response is required.  To the extent a response is required, the allegations

are denied.

192.    The allegations in this paragraph, including its footnote, consist of conclusions of law to

which no response is required.  To the extent a response is required, the allegations are denied.

ANSWER
Case No. 4:20-cv-05200

193.    The allegations in this paragraph are denied.

194.    The allegations in this paragraph are denied.

195.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

### G. The OCC Has Offered an Explanation for Its Decision That Is Counter to the Evidence and Failed To Adduce Evidence Supporting Its Decision, To Examine the Relevant Data, and To Explain the Connection Between the Facts Found and the Choice Made

196.    The allegation in Sentence 1 of this paragraph, including its footnote, is a quotation from the referenced notice of proposed rulemaking, and not an allegation of fact to which a response is required.  Defendants respectfully refer this Court to the referenced document, which is part of the administrative record, for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.  The allegations in Sentences 2 and 3 of this paragraph, including its footnotes, consist of Plaintiffs' characterization of the OCC's Final Rule, and not allegations of fact for which a response is required. To the extent a response is required, Defendants deny any characterizations inconsistent with the OCC Final Rule.

197.    The allegations in this paragraph are denied.

198.    The allegations in this paragraph, including its footnote, are denied.

199.    The allegations in Sentences 1 and 2 of this paragraph, including the footnotes, consist of Plaintiffs' characterization of, and a quotation from, a comment letter submitted as part of the rulemaking,  and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to the referenced document, which is part of the administrative record, for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document. The allegations in Sentence 3 of this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is

36

required, the allegations are denied.

200.     The allegations in this paragraph, including the footnote, are Plaintiffs' characterization of the comment referenced in the footnote, and not an allegation of fact for which a response is required. To the extent a response is required, Defendants deny any characterization inconsistent with the cited footnote.

201.     The allegations in this paragraph are Plaintiffs' characterization of the OCC Final Rule and not an allegation of fact for which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with the OCC Final Rule.

202.     The allegations in this paragraph consist of Plaintiff's characterization of, and quotation from, a comment letter submitted as part of the rulemaking, and not allegations of fact for which a response is required.  Defendants respectfully refer this Court to that document, which is part of the administrative record, for a true and accurate statement of its contents.  To the extent a response is required, Defendants deny any characterization inconsistent with the referenced document.

203.     The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterization of the OCC's Final Rule and studies submitted as part of the rulemaking process, and not an allegation of fact for which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with the OCC Final Rule and referenced studies.

204.     The allegations in this paragraph, including its footnotes, consist of Plaintiffs' characterization of the OCC's Final Rule and studies submitted as part of the rulemaking process, and not an allegation of fact for which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with the OCC Final Rule and referenced studies.

205.     The allegations in this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

206.     The allegations this paragraph, including its footnotes, consist of conclusions of law to

37

which no response is required.  To the extent a response is required, the allegations are denied, except to aver that 12 U.S.C. §25b is not applicable to the OCC Final Rule.

207.    The allegations in this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**H.  The OCC's Non-bank Interest Rule Is Not Entitled to Deference**

208.    The allegations in this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

209.    The allegations in this paragraph, including its footnote, consist of Plaintiffs' conclusions of law and not an allegation of fact for which a response is required.  To the extent a response is required, Defendants deny any characterization inconsistent with those statutory provisions and aver that 12 U.S.C. § 25b is not applicable to the OCC Final Rule.

210.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied, except to aver that 12 U.S.C. § 25b is not applicable to the OCC Final Rule.

211.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## CLAIM 1

### AGENCY ACTION THAT IS ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, AND OTHERWISE NOT IN ACCORDANCE WITH LAW

212.    Defendants incorporate by reference its answers to the foregoing paragraphs 1 through 211 of the Complaint as if set forth in full.

213.    The allegations in this paragraph, including its footnotes, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

214.    The allegations in this paragraph, including its subparts, consist of conclusions of law to

ANSWER
Case No. 4:20-cv-05200

which no response is required.  To the extent a response is required, the allegations are denied.

215.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## CLAIM 2

### AGENCY ACTION IN EXCESS OF STATUTORY JURISDICTION, AUTHORITY, OR LIMITATIONS, OR SHORT OF STATUTORY RIGHT

216.    Defendants incorporate by reference its answers to the foregoing paragraphs 1 through 215 of the Complaint as if set forth in full.

217.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

218.    The allegations in this paragraph, including its subparts, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

219.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## CLAIM 3

### AGENCY ACTION TAKEN WITHOUT OBSERVANCE OF PROCEDURE REQUIRED BY LAW

220.    Defendants incorporate by reference its answers to the foregoing paragraphs 1 through 219 of the Complaint as if set forth in full.

221.    The allegations in this paragraph, including its footnote, consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

222.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied and aver that 12 U.S.C. § 25b is not applicable to the OCC Final Rule.

ANSWER
Case No. 4:20-cv-05200

1   223.   The allegations in this paragraph consist of conclusions of law to which no response is

2   required.  To the extent a response is required, the allegations are denied.

3                                    **DEMAND FOR RELIEF**

4   224.   This paragraph, including subparts (A)-(E) contains Plaintiffs' prayers for relief to which

5   no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled

6   to the relief requested or any relief whatsoever.

7

8   Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby

9   denied.

10   WHEREFORE, having fully answered, Defendants pray that:

11   1. This Court enter judgment for Defendants; and

12   2. Defendant be granted such further relief as the Court may deem just and proper.

13

14

15   Dated: November 12, 2020          Respectfully submitted,

16
                                      _____/s/ *Gabriel A. Hindin*_____
17                                    JONATHAN V. GOULD (DC Bar No. 477569)
                                      Senior Deputy Comptroller and Chief Counsel
18                                    BAO NGUYEN (NC Bar No. 39946)
                                      Principal Deputy Chief Counsel
19                                    GREGORY F. TAYLOR (D.C. Bar No. 4170976)
                                      Director of Litigation
20                                    PETER C. KOCH (IL Bar No. 6225347)
                                      Assistant Director of Litigation
21                                    GABRIEL A. HINDIN (NY Bar No. 495785)
                                      Counsel
22                                    MARSHA STELSON EDNEY (DC Bar No. 414271)
                                      MICHAEL K. MORELLI (MA Bar No. 696214)
23                                    Attorney
                                      JUAN PABLO PEREZ-SANGIMINO (DC Bar No. 1617262)
24                                    Attorney

25

26

27

28
ANSWER
Case No. 4:20-cv-05200