Rob Bonta
Attorney General of California
Nicklas A. Akers
Senior Assistant Attorney General
Michele Van Gelderen (SBN 171931)
Supervising Deputy Attorney General
Tina Charoenpong (SBN 242024)
Christopher Lapinig (SBN 322141)
Deputy Attorneys General
 300 S. Spring Street, Suite 1702
 Los Angeles, CA 90013
 Tel: (213) 269-6697
 Fax: (916) 731-2128
 Email: christopher.lapinig@doj.ca.gov

*Attorneys for Plaintiff
the People of the State of California*

[See signature page for the complete list of parties represented. Civ. L.R. 3-4(a)(1).]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **THE OFFICE OF THE COMPTROLLER OF THE CURRENCY**, et al., <br><br> Defendants. | Case No. 4:20-cv-05200-JSW <br><br> **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |

Plaintiffs the People of the State of California, the People of the State of Illinois, and the People of the State of New York (collectively, "Plaintiffs") respectfully request that this Court take judicial notice of publicly available documents related to a bipartisan resolution passed yesterday by the U.S. Senate disapproving of and invalidating the "true lender" rule issued by Defendant Office of the Comptroller of the Currency ("OCC"), which both parties referenced in their briefing in this matter. These documents are attached hereto as Exhibits A and B (collectively, the "Exhibits").

Federal courts may grant judicial notice of acts that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). "In general, courts may take judicial notice of publicly available congressional records . . . ." *Lopez v. Bank of Am., N.A.*, No. 20-CV-04172-JST, 2020 WL 7136254, at *6 (N.D. Cal. Dec. 4, 2020) (citing, *inter alia*, *Herships v. Cantil-Sakauye*, No. 17-cv-00473-YGR, 2017 WL 2311394, at *2 (N.D. Cal. May 26, 2017), *aff'd*, 710 F. App'x 331 (9th Cir. 2018), and Fed. R. Evid. 201(b)(1)).

On July 29, 2020, Plaintiffs filed this action, challenging the Rule on Permissible Interest on Loans That Are Sold, Assigned, or Otherwise Transferred ("Rule"), 85 Fed. Reg. 33,530-36, issued by the OCC on June 2, 2020. On December 10, 2020, Plaintiffs filed a motion for summary judgment, ECF No. 37 [Pls.' Mot.], and on January 14, 2021, Defendants filed a cross-motion for summary judgment, ECF No. 44 [Defs.' Mot.]. Both motions were fully briefed as of February 25, 2021. *See* ECF No. 69.

As the parties discussed in their moving papers, *see, e.g.*, Pls.' Mot. at 23 n.14; Defs.' Mot. at 24, after issuing the Rule that Plaintiffs challenge in this action, the OCC promulgated a separate but related rule, entitled "National Banks and Federal Savings Associations as Lenders," which deems a National Bank the "true lender" of a loan so long as it is named the lender in loan documents or funds the loan. 85 Fed. Reg. 68,742-47 (Oct. 30, 2020) ("True Lender Rule"). The OCC acknowledged that the two rules will "operate[] together" to facilitate National Banks' transfer of preemption under 12 U.S.C. § 85 to non-banks. *Id.* at 68,743.

Under the Congressional Review Act ("CRA"), 5 U.S.C. §§ 801 *et seq.*, within sixty

calendar days after an agency rule is reported to Congress, Congress may adopt a joint resolution disapproving of the rule. *See* Daniel Cohen & Peter L. Strauss, *Congressional Review of Agency Regulations*, 49 Admin. L. Rev. 95, 99 (1997) (citing 5 U.S.C. § 802). Enactment of such a joint resolution invalidates the rule in question "as though such rule had never taken effect," 5 U.S.C. § 801(f), and "a new rule that is substantially the same as such a rule may not be issued, unless the reissued or new rule is specifically authorized by a law enacted after the date of the joint resolution disapproving the original rule," *id.* § 801(b)(2).[1]

On May 11, 2021, by a bipartisan yea-nay vote of 52 to 47, the Senate passed S.J. Res. 15, a resolution pursuant to the CRA, disapproving of and invalidating the True Lender Rule. A copy of this resolution is attached hereto as Exhibit A,[2] and an excerpt from the Congressional Record reflecting the vote on this resolution is attached hereto as Exhibit B.[3]

The Court may take judicial notice of the Exhibits because each document is publicly available, and Defendants cannot reasonably dispute either of the documents' authenticity. *See* Fed. R. Evid. 201(b)(2). The Exhibits are proper subjects of judicial notice because they are judicial notice of "public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (alteration and quotation marks omitted). Courts regularly take judicial notice of congressional documents like the Exhibits. *See, e.g.*, *Paralyzed Veterans of Am. v. McPherson*, No. C06-4670SBA, 2006 WL 3462780, at *4 (N.D. Cal. Nov. 28, 2006) (taking notice of congressional record and report); *see also, e.g.*, *Portsmouth Harbor Land & Hotel Co. v. U.S.*, 260 U.S. 327, 335 (1922) (taking judicial notice of congressional resolution). Defendants cannot dispute the authenticity of the Exhibits because they are available on Congress and the Senate's websites. Accordingly, the Court may take judicial notice of them.

---

[1] The CRA also provides, "If the Congress does not enact a joint resolution of disapproval under section 802 respecting a rule, no court or agency may infer any intent of the Congress from any action or inaction of the Congress with regard to such rule, related statute, or joint resolution of disapproval." 5 U.S.C. § 801(g).

[2] The resolution may also be accessed at https://www.congress.gov/117/bills/sjres15/BILLS-117sjres15es.pdf.

[3] This document may also be accessed at https://www.congress.gov/117/crec/2021/05/11/167/81/CREC-2021-05-11-pt1-PgS2430-3.pdf.

1    For the foregoing reasons, Plaintiffs respectfully ask the Court to take judicial notice of
2 Exhibits A and B.

| | | |
|---|---|---|
| 1 | Dated: May 12, 2021 | Respectfully Submitted, |
| 2 | | ROB BONTA |
| | | Attorney General of California |
| 3 | | NICKLAS A. AKERS |
| | | Senior Assistant Attorney General |
| 4 | | |
| | |  /s/ Christopher Lapinig    |
| 5 | | CHRISTOPHER M. LAPINIG |
| | | Deputy Attorney General |
| 6 | | *Attorneys for the People of the State of California* |
| 7 | | |

KWAME RAOUL
Attorney General of Illinois
GREG GRZESKIEWICZ
Bureau Chief

 /s/ Erin Grotheer    
ERIN GROTHEER
Assistant Attorney General

Office of the Illinois Attorney General
Consumer Fraud Bureau
100 W. Randolph St., 12th Floor
Chicago, Illinois 60601
Phone: (312) 814-4424
Email: egrotheer@atg.state.il.us
*Attorneys for the People of the State of Illinois*


LETITIA JAMES
Attorney General of New York
JANE M. AZIA
Bureau Chief

 /s/ Christopher L. McCall    
CHRISTOPHER L. MCCALL
Assistant Attorney General

Office of the New York State Attorney General
Consumer Fraud & Protection Bureau
28 Liberty Street
New York, New York 10005
Phone: (212) 416-8303
Email: christopher.mccall@ag.ny.gov
*Attorneys for the People of the State of New York*