JONATHAN V. GOULD (DC Bar No. 477569)
Senior Deputy Comptroller and Chief Counsel
BAO NGUYEN (NC Bar No. 39946)
Principal Deputy Chief Counsel
GREGORY F. TAYLOR (DC Bar No. 417096)
Director of Litigation
PETER C. KOCH (IL Bar No. 6225347)
Assistant Director of Litigation
GABRIEL A. HINDIN (NY Bar No. 4957585)
Counsel
MARSHA STELSON EDNEY (DC Bar No. 414271)
Counsel
MICHAEL K. MORELLI (MA Bar No. 696214)
Senior Attorney
JUAN PABLO PEREZ-SANGIMINO (DC Bar No. 1617262)
Attorney

Office of the Comptroller of the Currency
400 7th Street, SW
Washington, D.C. 20219
Telephone: (202) 649-6300
Fax: (202) 649-6315
Gabriel.Hindin@occ.treas.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>OFFICE OF THE COMPTROLLER OF THE CURRENCY and MICHAEL J. HSU, in his official capacity as Acting Comptroller of the Currency,<br><br>　　　　　　Defendants. | Case No. 4:20-cv-05200-JSW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No. 4:20-cv-05200-JSW

1

Pursuant to Federal Rule of Evidence 201(e), Defendants Office of the Comptroller of the Currency ("OCC" or "Agency") and Michel J. Hsu,[1] in his official capacity as Acting Comptroller of the Currency (collectively, "Defendants"), respectfully submit this opposition to Plaintiffs the People of the State of California, the People of the State of Illinois, and the People of the State of New York's (collectively, "Plaintiffs") request to take judicial notice (Dkt. No. 73) of documents related to the U.S. Senate disapproving of the OCC rule: National Banks and Federal Savings Associations as Lenders, 85 Fed. Reg. 68,742 (Oct. 30, 2020) (the "True Lender Rule"). The matter before this Court is the OCC's final rule titled Permissible Interest on Loans That Are Sold, Assigned, or Otherwise Transferred, 85 Fed. Reg. 33,530 (June 2, 2020) (to be codified at 12 C.F.R. pts. 7, 160) (the "Final Rule"). Stated simply, Plaintiffs' request should be denied because the True Lender Rule is not relevant to the Court's disposition of the OCC's Final Rule.

The True Lender Rule and the OCC's Final Rule are separate and distinct rulemakings. They are based on different provisions of law and address different issues. The request by Plaintiffs for judicial notice conflates these two distinct rulemakings and obfuscates the issue before this Court. The Court should deny this request as not relevant.

Federal Rule of Evidence 201(c)(2) generally requires a court to "take judicial notice if requested by a party and supplied with the necessary information." However, case law that is on point consistently and unequivocally provides that a court should reject attempts of judicial notice where the information provided is not relevant to the issue before the court. Judicial notice is "inappropriate where the facts to be noticed are irrelevant." *Est. of McNeil v. Freestylemx.com, Inc.*, 177 F. Supp. 3d 1260, 1277 (S.D. Cal. 2016) (citations omitted); *see also* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n. 13 (9th Cir.1998) (denying request for judicial notice where facts to be noticed are not relevant to disposition of issues before the court); *McGhee v. Tesoro Ref. & Mktg. Co. LLC*, 440 F. Supp. 3d 1062, 1066 n.1 (N.D. Cal. 2020) (White, J.) (declining to take judicial

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Comptroller of the Currency Michael J. Hsu is automatically substituted for former Acting Comptroller of the Currency Blake Paulson as a defendant in this matter.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No. 4:20-cv-05200-JSW

notice of documents not relevant to Court's conclusions). *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 991 n.8 (9th Cir. 2012) (denying request to take judicial notice because "the issues on appeal bear no relation to the claims at issue here") (citations omitted). The Court should conclude that judicial notice is inappropriate in this instance because the U.S. Senate's disapproval of the True Lender Rule under the Congressional Review Act ("CRA"), 5 U.S.C. §§ 801 *et seq.*, has no bearing on the question *sub judice* of whether the OCC's Final Rule should be upheld.

As set forth in the administrative record of the Final Rule, the Final Rule was issued pursuant to the OCC's interpretation of 12 U.S.C. § 85, which, in tandem with 12 U.S.C. § 86, establishes a comprehensive statutory scheme governing the interest permitted on national bank loans. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11 (2003); Administrative Record ("AR") at 843. The purpose of the Final Rule is to "clarify[] that when a bank transfers a loan, the interest permissible before the transfer continues to be permissible after the transfer." AR at 842. The True Lender Rule, on the other hand, was issued pursuant to the OCC's interpretation of separate statutes—12 U.S.C. §§ 24, 371, and 1464(c)—which authorize national banks to lend and do not focus on permissible interest rates. *See* 85 Fed. Reg. at 68,743. *See id.* ("Banks do not obtain their lending authority from section 85 or 12 U.S.C. 1463(g). Nor are these statutes the authority the OCC is relying on to issue [the True Lender Rule]."). The purpose of the True Lender Rule is to "clarify[] how to determine when a bank exercises this lending authority." *Id.* Because the Final Rule and True Lender Rule were issued pursuant to distinct rulemakings, statutory authorities, administrative records and for different purposes, the U.S. Senate's disapproval of the True Lender Rule under the CRA has no bearing on the question of whether the OCC has the authority to issue the Final Rule.

The distinction between these two rulemakings, and the separate provisions of law from which they arise, is set forth clearly in the preamble to the OCC's True Lender rulemaking:

> Banks do not obtain their lending authority from section 85 or 12 U.S.C. 1463(g). Nor are these statutes the authority the OCC is relying on to issue this rule. The proposal referenced sections 85 and 1463(g) in the regulatory text to ensure that interested parties understand the consequences of its interpretation of sections 24, 371, and 1464(c), including that this rulemaking operates together with the OCC's recently finalized 'Madden-fix' rulemaking. When a bank makes a loan pursuant to

> the test established in this regulation, the bank may subsequently sell, assign, or otherwise transfer the loan without affecting the permissible interest term, which is determined by reference to state law.

85 Fed. Reg. at 68,743 (footnotes omitted).  The passage confirms that, if a national bank originates and then transfers a loan it does not affect the permissible interest term; the Final Rule does not authorize or acknowledge the "transfer of preemption" to non-banks as Plaintiffs suggest.

Moreover, the OCC has consistently explained that the Final Rule does not assign preemptive powers to non-banks.  *See*, *e.g.*, Dkt. No. 45 at 24; Dkt. No. 69 at 11-12.  Rather, by interpreting the substantive scope of § 85, the Final Rule merely "reaffirm[s] the longstanding understanding that a bank may transfer a loan without affecting the permissible interest term." AR at 842.  Plaintiffs' mischaracterizations to the contrary are without merit, do not support their request for judicial notice, and should be rejected.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No. 4:20-cv-05200-JSW

For the foregoing reasons, Plaintiffs' request for judicial notice should be denied.

Dated: May 17, 2021              Respectfully submitted,

                                 _____/s/_____
                                 JONATHAN V. GOULD (DC Bar No. 477569)
                                 Senior Deputy Comptroller and Chief Counsel
                                 BAO NGUYEN (NC Bar No. 39946)
                                 Principal Deputy Chief Counsel
                                 GREGORY F. TAYLOR (D.C. Bar No. 4170976)
                                 Director of Litigation
                                 PETER C. KOCH (IL Bar No. 6225347)
                                 Assistant Director of Litigation
                                 GABRIEL A. HINDIN (NY Bar No. 495785)
                                 Counsel
                                 MARSHA STELSON EDNEY (DC Bar No. 414271)
                                 Counsel
                                 MICHAEL K. MORELLI (MA Bar No. 696214)
                                 Senior Attorney
                                 JUAN PABLO PEREZ-SANGIMINO (DC Bar No. 1617262)
                                 Attorney
                                 Office of the Comptroller of the Currency
                                 400 7th Street, SW
                                 Washington, D.C. 20219
                                 Telephone: (202) 649-6300
                                 Fax: (202) 649-6315

                                 *Attorneys for Defendants*